PHILA A. WOODWORTH *vs.* SIDNEY SWEET.

Where a husband, who was married prior to the married woman's acts of 1848 and 1849, was indebted to his wife in the sum of $1000 for money arising from the sale of her separate real estate, which sum she had, previous to those acts, lent to him, he agreeing to keep it for her and treat it as her separate property, and repay it to her with interest; *Held* that equity would hold him to be her trustee for that amount, and allow him to pay her the same, upon his becoming insolvent, in the same manner that he might pay any other creditor. J. C. SMITH, J. dissented.

But that to authorize him to prefer his wife, as a creditor, it was necessary that the money in his hands should be held and regarded, as between them, at and from the time of its receipt by him, as a loan from her; that he should be deemed to be in fact a debtor to her for the same; and that they should have constantly and intentionally treated the sum in his hands as her separate property.

*Held, also,* that the husband was not obliged to insist on his marital rights to his wife's personal property and choses in action; and that if he did not assert such rights, but expressly agreed with her not to do so, and acted upon this agreement, equity would allow him to pay her any money she might have temporarily lent him, under such circumstances.

THIS action was brought to recover the value of certain personal property, of which the plaintiff claimed to be the owner, and which he alleged was wrongfully converted by the defendant. The plaintiff is a married woman, wife of Philemon F. Woodworth. They were married about the year 1845. At that time she was the owner of real estate inherited from her father, which she sold in 1847 for $1160. Of this she let her husband have $1000, at different times, the first in 1847, upon an agreement to repay it with interest. Woodworth was engaged in farming and lumbering, and in 1857 became insolvent, and made an assignment for the benefit of his creditors. Before making his assignment he repaid to the plaintiff $600, which she kept till 1860. During those three years, Woodworth supported the family by his labor. In 1860, the plaintiff invested a portion of this $600, in timber and personal property to carry on the business of lumbering, and employed her husband to carry on the business for her. She purchased timber of different parties, in

some cases advancing a portion of the purchase price, and in all cases they were to be paid out of the avails of the lumber when sold. With the money arising from this business the most of the property mentioned in the complaint was bought.

The defendant, in his answer, alleged the recovery of a judgment by himself, James Faulkland and B. S. Chapin against Philemon F. Woodworth, in the supreme court, on the 19th of March, 1858, for $144.87 ; also a judgment before a justice of the peace, in favor of E. McMaster, against the said P. F. Woodworth, on the 26th of December, 1861, for $63.83, which was docketed in the clerk's office of Livingston county March 23, 1863. He also alleged that executions were duly issued upon those judgments, against the property of Philemon F. Woodworth, to the sheriff of Livingston county. It was stipulated that the property described in the complaint in this action was levied upon and sold by virtue of the judgment and execution mentioned in the answer, on the premises occupied by Philemon F. Woodworth, by C. P. Jones ; and that said Jones was, at the time of said levy and sale, deputy sheriff of Livingston county, wherein said levy and sale were made ; and that said levy and sale were made by the direction of the defendant, Sidney Sweet

The value of the property was proved by several witnesses, and the court ordered judgment of nonsuit, from which judgment the plaintiff appealed.

*Vanderlip & Smith,* for the appellant.

*Hubbard & Faulkner,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. The nonsuit in this case was granted upon the ground that the $600 in money, which the plaintiff's husband paid her on the eve of his insolvency, was not paid to her upon any clear and certain debt which in equity would be recognized as such between husband and wife, but was a naked gift of his property, in

fraud of his creditors. The husband, at common law, was entitled to all the personal property and choses in action of his wife and the use and profits of her real estate during coverture. The money which the plaintiff's husband received from the estate of her father was personal estate, and when it came into the hands of the husband became *prima facie* his property, absolutely. This money was received before the acts of 1848 and 1849, and the plaintiff was married before that time. The case is therefore to be considered and disposed of irrespective of those acts. The husband had had this money ($1000) about ten years, and used it in his business, before he paid it to his wife. No bond, note or other written evidence of debt as between husband and wife, indicating an agreement on the part of the husband to allow this money to remain the separate property of his wife, was produced or proved on the trial, but the plaintiff testified that there was an agreement by parol between her and her husband that she was to let him have it and he was to pay it back with interest. At the time when the plaintiff's husband paid this $600 to her, as she states, he clearly could not make a gift to her of that sum, for she says he was then insolvent and was about making an assignment of his property. But if he was really indebted to her in the sum of $1000 which by agreement between them was an actual debt, which had existed and been recognized between them as such, and he had had her money for that amount which he had agreed to keep for her and treat as her separate property and repay it to her with interest, I think equity would hold him to be her trustee for that amount, and allow him to pay her the same, as much and as well as he might pay any other creditor. It would be necessary in this view that this money in his hands should be held and regarded between them, at and from the time of its receipt by him, as a loan from her to him; that he was in fact a debtor to her for the same and they had constantly, purposely and intentionally treated the sum in his hands as her

separate property. The husband was not obliged to insist on his marital rights to his wife's personal property and choses in action; and if he did not assert such rights, and expressly agreed with her not to do so, and acted upon this agreement, equity would allow him to pay her any money she may have temporarily lent him, under such circumstances. Courts of equity regard husband and wife as distinct persons, and allow them to contract with each other as though they were unmarried persons. I think, therefore, that the nonsuit was erroneously granted in this case, and that the question should have been submitted to the jury whether this $600 was a gift from Woodworth to his wife, or was really and actually a payment of an *existing* debt to her.

